BANCO TERRITORIAL Y AGRÍCOLA *v.* PUIG.

APPEAL from the District Court of Arecibo.

No. 29.—Decided February 11, 1904.

UNLAWFUL DETAINER—WHO MAY INSTITUTE SAME.—All persons legally entitled to the possession of an estate, as owner, have a right to institute an action of unlawful detainer against any person enjoying the usufruct thereof.

mente y dicha acción puede establecerse contra los inquilinos, colonos y demás arrendatarios de la finca.

HIPOTECA.—ADJUDICACIÓN EN PAGO DE LA MISMA.—CANCELACIÓN DE GRAVÁMENES POSTERIORES.—ARRENDAMIENTOS.—Hecha la adjudicación de una finca en pago de un crédito hipotecario, é inscrita dicha adjudicación en el Registro, deberán cancelarse todos los gravámenes posteriores, y con ellos los arrendamientos que de la misma finca hubiere hecho el anterior propietario.

COMPRADOR.—SUS DERECHOS EN RELACIÓN CON EL ARRENDAMIENTO DE LA FINCA COMPRADA.—Según el Artículo 1454 del Código Civil, el comprador de una finca, ya lo sea por contrato de compra-venta, ó ya por adjudicación judicial, tiene derecho á exigir que terminen los arrendamientos existentes sobre la misma, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria.

HIPOTECA.—ACCESIONES Y MEJORAS NO HIPOTECADAS.—Aunque el Artículo 113 de la Ley Hipotecaria dispone que el dueño de las accesiones ó mejoras que no se hubieren hipotecado junto con una finca que pasase por adjudicación ó venta á otras manos, tendrá derecho á ser indemnizado de tales accesiones ó mejoras, ésto no debe entenderse en el sentido de poder impedir que el nuevo propietario ó adquirente de la finca ejercite cuantos derechos se deriven del dominio que sobre la misma tiene.

DESAHUCIO.—COLONIA AGRÍCOLA.—EXENCIÓN DE CONTRIBUCIONES.—El hecho de que una finca esté considerada como Colonia Agrícola de acuerdo con la ley de Colonias Agrícolas, no es obstáculo alguno que pueda oponerse al ejercicio de una acción de desahucio, pues los efectos de tal ley se refieren únicamente á la exención del pago de contribuciones, pero en modo alguno pueden impedir que la finca pudiera pasar por cualquier título á manos de un tercero.

SENTENCIAS.—DEMANDADOS EN REBELDÍA.—La sentencia que se dicte en relación con los demandados que hubieren comparecido en el pleito, deberá hacerse extensiva á aquéllos demandados que hubieren sido declarados en rebeldía.

ID.—COSTAS.—Las costas deben imponerse al litigante cuyas pretensiones hubieren sido totalmente desestimadas, por lo que no procede imponerlas á los demandados en rebeldía, que por no haber comparecido, no han formulado pretensión alguna en el pleito.

## EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la Corte del Distrito de Arecibo, entre partes de la una el Banco Territorial y Agrícola establecido en esta Capital dirigido y representado en esta Superioridad por el Letrado D. Juan de Guzmán Benitez, como apelado, y de la otra, D. Miguel Valentín Puig Enseñat, propietario, á quien representa y dirige el Letrado Don Jacinto Texidor como apelante, sobre desahucio: habiendo sido declarados rebeldes los otros dos demandados D. Lorenzo Joy y D. Calixto Arocho, quienes tampoco comparecieron en esta Superioridad, sustanciándose la apelación respecto á

ENCUMBRANCES ENTERED SUBSEQUENT TO AN AWARD.—All encumbrances on an estate, entered subsequent to the date of an award thereof in payment of a debt, shall upon the record of said award be considered canceled.

RIGHT OF PURCHASER OF A LEASED ESTATE.—The purchaser of a leased estáte has a right to terminate the lease in force at the time of making the sale, unless the contrary has been stipulated and without prejudice to the provisions of the Mortgage Law.

OWNERS OF ACCESSIONS NOT MORTGAGED.—While under article 113. of the Mortgage Law, the owner of accessions and improvements not mortgaged with an estate transferred to other persons, has a right to demand indemnification therefor from the new owner, he cannot prevent the latter from exercising such rights as are derived from his ownership of the property.

AN AGRICULTURAL COLONY NOT EXEMPT FROM ACTION OF UNLAWFUL DETAINER. —The benefits of an agricultural colony are independent of, and do not preclude, the right of the new owner to institute an action of unlawful detainer against the "colonists" settled thereon, provided they have been given thirty days' notice to depart.

JUDGMENTS—DEFENDANTS IN DEFAULT.—A judgment rendered with respect to defendants who have appeared in a suit should be made extensive to such defendants as may have been declared in default.

ID.—COSTS.—Costs should be imposed upon litigants whose claims have been totally rejected, for which reason it is not proper to tax same against defendants in default, who, not having appeared, have not presented any claim or demand in the suit.

## STATEMENT OF THE CASE.

We have examined the record in these proceedings prosecuted in the District Court of Arecibo, by the "Banco Territorial y Agrícola," established in this city, represented in this Supreme Court by its counsel, Juan de Guzmán Benítez, as respondent, against Miguel Valentín Puig Enseñat, a property-owner, represented by his counsel Jacinto Texidor, as appellant, in an action of unlawful detainer; the other defendants, namely, Lorenzo Joy and Calixto Arocho, having been declared in default, who also failed to appear before this court, the judgment with respect to them having been ren-

ellos con los estrados del Tribunal, autos pendientes ante *nos* en virtud de recurso de casación, hoy de apelación, interpuesto por D. Miguel Valentín Puig Enseñat contra la sentencia pronunciada que copiada á la letra dice así:

"*Sentencia.*—Número 5.—En Arecibo á nueve de Febrero de mil novecientos tres. Visto en juicio oral y público ante esta Corte de Distrito el juicio de desahucio promovido por el Banco Territorial y Agrícola de San Juan, representado y dirigido por el Letrado D. Juan de Guzmán Benitez, contra D. Francisco Castañer, D. Calixto Arocho y D. Lorenzo Joy, propietarios y vecinos de Ciales, por su propio derecho y como representantes de D. Valentín Puig Enseñat, dirigido el primero por el Letrado D. Elpidio de los Santos Laguardia y los otros dos en rebeldía.

1. *Resultando*: que con fecha veinte y tres de Septiembre último, el Letrado D. Juan de Guzmán Benitez á voz y nombre del Banco Territorial y Agrícola de San Juan presentó demanda ante este Tribunal contra Don Francisco Castañer, D. Calixto Arocho y D. Lorenzo Joy, por sí y como representantes de D. Valentín Puig y Enseñat exponiendo: que por escritura pública otorgada en diez y ocho de Enero de 1896 ánte el Notario D. Mauricio Guerra, D. Lorenzo Joy y Colón hipotecó al Banco la hacienda de café denominada "Honradez" que era de su propiedad, y que en dicha escritura se describe así: "Rústica, hacienda de café denominada "Honradez", sita en la jurisdicción de Ciales y en el barrio de Cialitos de aquél término por el cual atravieza el río llamado Cialitos, corriendo de la parte Sudoeste á la Norte·Noro-este, siendo la medida supercificial de dicha finca seiscientas cuarenta y ocho cuerdas sesenta y seis céntimos, equivalentes á doscientas cincuenta y cuatro hectáreas, noventa y cuatro áreas, noventa centiáreas de terreno, de las que cuatrocientas cuerdas están sembradas de café y plátanos, veinte de pastos, malogillo y cañas dulces y el resto de pastos naturales, montes y malezas, conteniendo dicha finca los edificios siguientes: una casa de dos pisos, construida de maderas del país y techada de hierro galvanizado, cuyos altos sirven de habitación al dueño y su familia y los bajos están destinados á almacén; otra casa, también de dos pisos, construida de madera y mampostería de diez y siete metros de frente y veinte de fondo, de cuatro plantas en la actualidad y con techo de hierro galvanizado, en donde está instalada la maquinaria para la manipulación del café ó sean los aparatos siguientes: maquinaria de

dered after due notificacion, which case is pending before us on appeal in cassation, now appeal, taken by Miguel Valentín Puig Enseñat, from the judgment which literally reads as follows:

"Judgment No. 5.—Arecibo, February ninth, one thousand nine hundred and three. The oral and public hearing has been had in this District Court, of an action of unlawful detainer instituted by the 'Banco Territorial y Agrícola,' of San Juan, represented by its counsel, Juan de Guzmán Benítez, against Francisco Castañer, Calixto Arocho and Lorenzo Joy, property owners and residents of Ciales, in their own right and as representatives of Valentín Puig Enseñat, the former represented by his counsel, Elpidio de los Santos Laguardia, and the other two declared in default.

"On September 23, 1902, the 'Banco Territorial y Agrícola,' of San Juan, through its counsel Juan de Guzmán Benitez, Esq., brought an action in this court against Francisco Castañer, Calixto Arocho and Lorenzo Joy, in their own names and as representatives of Valentín Puig y Enseñat, setting forth that by a deed executed on Juanuary 18, 1896, before Notary Mauricio Guerra, Lorenzo Joy y Colón mortgaged in favor of aforesaid bank a coffee plantation called 'Honradez,' which belonged to him and is described in said deed as follows: 'Rural property: a coffee plantation called "Honradez," situated within the municipal district of Ciales, in *barrio* "Cialitos," which is crossed by the river called "Cialitos," running from southwest to northeast, said property measuring six hundred and forty-eight *cuerdas*, and sixty-six hundredths of a *cuerda*, equal to two hundred and forty hectares, ninety-four ares and ninety centares of land, of which four hundred *cuerdas* are planted with coffee and plantains, twenty with pasture grass, *malojillo* and sugar-cane, the remainder being natural pastures, woods and underbrush. The following buildings are situated upon the aforesaid property, to wit: a two-story house built of native wood and having a galvanized iron roof, the upper floor of which serves as a dwelling for the owner and his family, the ground floor being intended for storage; another two-story house built of wood and masonry, seventeen meters in front by twenty deep, having now four compartments and roof of galvanized iron, wherein are installed the machinery for handling coffee, consisting of the following apparatus: machinery for pulping coffee, "grand model"; mechanical washer, vertical rotation; centrifugal

despulpar gran modelo; lavador mecánico de rotación vertical; centrífuga de enjugar; secadora mecánica de aire calentado sistema Guardiola número 2; tahona de lustrar y pilar café de masas circulares y veinte y cinco rotaciones por minuto; venteadoras y limpiadoras mecánicas; clasificadoras de café en cinco grupos; tren de dragas combinadas para la elevación y arrastre del fruto á los diferentes aparatos; y una gran rueda hidráulica que mueve toda esa máquinaria, de cinco metros de diámetro por noventa centimetros entre gualderas, utilzando para su movimiento ciento veinte y cinco litros de agua por minuto, los cuales, toma del río Cialitos dentro de la misma propiedad y conducidos por un canal de mamposteria hidráulica; otra casa de madera, techada de hierro galvanizado, de dos plantas, sirviendo la segunda ó planta alta para habitciones de mayordomos y dependientes, y el piso bajo para depósitos de provisiones y otros efectos; otra casa de dos pisos de madera, techada de zinc, destinados los bajos á cuadra con pesebre y el alto á almacenes y alojamiento para los peones que están al servicio de los establecimientos; otra casa de una sóla planta, de madera y zinc, conteniendo en su interior un horno para cocer pan y demás útiles de panadería para el consumo de la finca; existiendo además en diferentes puntos treinta y nueve casas rústicas para habitaciones de jornaleros; tres cuarteles de madera, techados de zinc, capaces para vivienda de diez jornaleros cada uno; la carnicería, situada en la plaza de la finca; y el matadero á orillas del río Cialitos; lindando la referida finca, al este con tierras de Don José Ramón Figuéroa Lebrón, Raimundo de la Cruz, Sucesión de Luisa de la Cruz, Alejo Aponte, el propio otorgante Don Lorenzo Joy y José Garcia, por el Norte, con las tierras de dicho Garcia y Joy y las que aportaron Joy y Mayol á la sociedad Agrícola Alberty y Compañía, por el oeste con la dicha sociedad Alberty y Compañía, Don Federico Monge, antes M. Frau y Hermanos y, Don Eugenio Fernandez y por el Sud con los terrenos de Don Jaime Colón y los de los mencionados M. Frau Hermanos, hoy D. Federico Monge, cuya hipoteca fué inscrita al fólio doscientos cuarenta y ocho vuelto del tomo 9 del Ayuntamiento de Cíales, finca 212 triplicado, inscripción 29 del Registro de Arecibo, que por otra escritura pública otorgada en 22 de Julio de 1899 ante el Notario de Manatí, Don José Felix Lajara, el mismo Don Lorenzo Joy y Colon y Don Miguel Valentín Puig, representado éste último por Don Ramón Rios Cerpa como apoderado por la sustitución de mandato que en él hizo el mismo Don Lorenzo Joy y Colón con-

coffee-wiper; mechanical hot-air drier, Guardiola system, No. 2; polishing and cleaning mill, with circular pounders of twenty-five rotations per minute; mechanical fanners and cleaners; coffee classifiers in five groups; combined machinery for raising and drawing coffee to the various apparatus; and a large hydraulic wheel which operates all this machinery, five meters in diameter by ninety centimeters between the string-boards, using as motive power one hundred and twenty-five litres of water per minute, derived from the river "Cialitos" within the same property, and carried over by means of a hydraulic conduit of masonry; another two-story frame house, with galvanized iron roof, the top floor of which is occupied by overseers and employees, the ground floor being used for the storage of provisions and other commodities; another two-story frame house, zinc-roofed, the lower part of which is used as a stable and the top floor as a warehouse and lodging for peons in the service of the establishment; another one-story frame house, covered with zinc, in which there is an oven and implements for baking bread for the farm's consumption; there being, besides, scattered about the place, thirty-nine rustic houses for the accommodation of day laborers; three frame, zinc-roofed barracks, each with accommodation for ten laborers; the butcher-shop, standing on the property's plaza, and the slaughter-house on the banks of the river "Cialitos." The aforesaid property is bounded on the east by lands belonging to José Ramón Figueroa Lebrón, Raimundo de la Cruz, Estate of Luisa de la Cruz, lands of Alejo Aponte, of the signer of the document, of Lorenzo Joy and of José García; on the north, by lands belonging to said García and Joy and those that were brought by Joy and Mayol into the agricultural copartnership of Alberty & Co.; lands belonging to Federico Monge, formerly M. Frau y Hermanos, and those owned by Eugenio Fernández; and on the south by lands belonging to Jaime Colón and the aforesaid M. Frau y Hermanos, now Federico Monge.

"Said mortgage was duly recorded on folio 48, volume 9, of the municipal council of Ciales, property 212 triplicate, entry 29 of the registry of Arecibo.

"That by another deed executed on July 22, 1899, before Notary José Félix Lajara, of Manatí, the aforesaid Lorenzo Joy y Colón and Miguel Valentín Puig, the latter being represented by Ramón Ríos Cerpa, as attorney in fact, by substitution of power conferred upon him by said Lorenzo Joy y Colón, signed a contract for the lease of certain houses belonging to the 'Honradez' plantation, said leased

vinieron en un contrato de arrendamiento de casas de la hacienda "Honradez", siendo las casas arrendadas las siguientes: una casa de dos pisos, construidas de maderas del país, cubierta de hierro galvanizado, destinados los altos á habitación de familia y los bajos á almacenes; otra casa de dos pisos, de madera, techo de zinc, destinados los bajos á cuadra con pesebre y el alto á almácen y alojamiento para los peones que están al servicio de los establecimientos, con un glasis; otra casa con una sola planta, de madera, techada de zinc, conteniendo en su interior un horno para cocer pan y demás útiles de panadería, para el consumo de la finca; y otra casa de madera y los bajos de mampostería, de diez y siete metres de frente por veinte y cuatro de fondo, con techo de hierro galvanizado, en donde está instalada la maquinaria para la manipulación del café, contiguo los glasiles para el secado de dicho fruto, con los aparatos descritos anteriormente, cuyos edificios están enclavados en la hacienda "Honradez", hoy Colonia Agrícola; y cuyo arrendamiento de casa aparece hecho por ocho años que habían de terminar el 22 de Julio de 1907, pagando Puig á Joy doscientos pesos por cada anualidad y concediendo el último al primero los beneficios que dice tener otorgados por el Gobierno á título de Colonia Agrícola que manifestaba ser la hacienda "Honradez", inscribiéndose el contrato de arrendamiento en el Registro de la Propiedad de Arecibo al folio 240 del tomo 2 de Ciales, finca 212 sextuplicado, inscripción 39; que por falta de pago en la forma convenida en la escritura hipotecaria á que se refiere el hecho primero, hubo el Banco de seguir un juicio ejecutivo sumarísimo contra la hacienda "Honradez", que fué adjudicada al Banco ejecutante, por auto dictado por esta Corte en doce de Octubre de 1901, inscribiéndose al folio 246 del tomo 20 de Ciales, finca número 212 sextuplicado, inscripción 42 cancelándose, además todos los gravámenes posteriores al del Banco, incluso dicho arrendamiento, cual resulta de la inscripción 43 de la misma finca; obrante al folio 247 del mencionado tomo 20 de Ciales: que en ocho de Noviembre de mil novecientos uno se dió por el Juzgado Municipal de Ciales posesión al Banco de la finca, en cumplimiento de lo dispuesto por esta Corte, y ya en ese acto el Señor Joy celoso defensor de los intereses de Puig, protestó por los derechos que decia tener el último sobre las fincas cultivadas en la hacienda "Honradez": que cuando Don Lorenzo Joy hipotecó la finca "Honradez" al Banco, no tenía ella más gravámenes preferentes, que una hipoteca á favor de Don Pedro A. Mayol, que ha sido satisfecha y cancelada; todos los demás con-

houses being the following: a two-story house built of native lumber, with a galvanized iron roof, the upper floor of which is intended for the dwelling of a family and the ground floor for storage purposes; another two-story frame house, with a zinc roof, the lower part of which is intended for a stable and the top floor for storage and the accommodation of *peons* employed on the premises, and a terrace for drying coffee; another single-story frame house with a zinc roof, in which there is an oven for baking bread and the utensils necessary therefor, for the consumption of the estate; and another frame house, the lower part of which is built of masonry, seventeen meters in front by twenty-four deep, with a galvanized iron roof, wherein is installed the machinery for handling coffee, and annexed thereto the terraces used for drying the bean, and containing the apparatus hereinbefore described; which buildings stand on the 'Honradez' plantation, now an agricultural colony, said lease appearing to have been made for eight years and was to expire on July 22, 1907.

"According to the terms thereof Puig was to pay Joy an annual rental of two hundred *pesos*, the latter assigning to the former the benefits which he claims the government has granted him on the estate 'Honradez' as an agricultural colony. Said lease was recorded in the Registry of Property of Arecibo, at folio 240, volume 2, of Ciales, property 212, sextuple, entry 39. That owing to default in the payment, as agreed in aforesaid mortgage deed, the bank instituted summary proceedings against the plantation 'Honradez,' which was adjudged to the bank, by decision of this court rendered on October 12, 1901. Said decree was duly recorded at folio 246, volume 20 of Ciales, property No. 212, sextuple, entry 42, all liens subsequent to that of the bank being moreover canceled, including the aforesaid lease, as appears from entry 43 of the same property made at folio 247 of aforesaid volume 20 of Ciales. That on November 8, 1901, possession of the property was given to the bank by the municipal court of Ciales, in compliance with the order of this court, whereupon the said Joy, on behalf of Puig, entered a protest claiming that the latter was entitled to the crops he had cultivated on the 'Honradez' plantation. That when Lorenzo Joy mortgaged the plantation to the bank there were no preferred encumbrances against it other than a mortgage in favor of Pedro A. Mayol, which has been paid and canceled. All the other contracts that Joy may have entered into with Puig or any other person, after recording the mortgage in favor of the bank, whether entered or not in the Registry were made secretly or without

tratos que después de inscrita la hipoteca del Banco haya podido celebrar Joy con Puig y con cualquiera otra persona, sean ó no inscritos en el Registro, se han realizado á espaldas del Banco, que para nada ha intervenido en ellos; y que han transcurrido más de treinta días desde el requerimiento de los demandados sin que hayan desocupado la finca que ocupan como representantes de Puig en concepto de arrendatarios que eran y por su derecho propio, en precario, sin pagar merced alguna.

2. *Resultando*: que como fundamento de derecho adujo el actor las prescripciones del Código Civil y la Ley Hipotecaria, sobre el derecho de dominio, y los artículos de la Ley de Enjuiciamiento Civil acerca de los casos en que procede el desahucio de una finca rústica; y terminó suplicando el desahucio de los demandados.

3. *Resultando*: que celebrada la comparecencia verbal que la ley previene, con citación de todas las partes á fín de que los demandados tuvieran conocimiento de la demanda contra ellos interpuesta, comparecieron ante este Tribunal el representante del Banco como demandante, y los Señores Don Francisco Castañer, Don Lorenzo Joy y Don Calixto Arocho, por su propio derecho como apoderados de Don Miguel Valentín Puig Enseñat, oponiéndose todos ellos á los hechos de la demanda, por lo que se les confirió traslado que evacuó solo el Sor. Castañer con la dirección del Letrado Don Elpidio de los Santos Laguardia, exponiendo: que antes del año noventa y nueve ó sea en el noventa y siete, el Señor Puig había arrendado al Señor Joy varias casas de la finca erigida en Colonia Agrícola, en la cual venía fincando y fabricando el Señor Puig, por cesión que el mismo Señor Joy le hizo de sus derechos de Colonia Agrícola que le concedió el Gobierno Español, de cuyas fábricas no ha tomado ni ha podido tomar posesión el Banco Territorial, por cuyo motivo carecía de derecho éste para hacer requerimiento alguno de desalojo, pues ese requerimiento se dá cuando existe precario y en el caso de autos no existía.

4. *Resultando*: que alegó como fundamentos de derecho las disposiciones del Código Civil referentes al dominio y á la posesión de los inmuebles, la Ley de Colonias Agrícolas, y la Hipotecaria en cuanto solo permite incoar procedimientos sumarísimos, cuando se trata de bienes especialmente hipotecados; y concluyó suplicando se declarara sin lugar la demanda, toda vez que las casas arrendadas por Joy á Puig Enseñat, no habian sido comprendidas en la hipoteca.

the knowledge and intervention of the bank; and that more than thirty days had elapsed since notice to vacate had been served upon the defendants, who had failed to vacate the property occupied by them as representatives of Puig, and as tenant at sufferance in their own right, without paying rent.

"As legal grounds plaintiff cited the provisions of the Civil Code and the Mortgage Law referring to the right of ownership, and articles of the Law of Civil Procedure governing cases of ejectment from rural estates, and prayed that judgment be rendered ordering the eviction of the defendants.

"After citation of all the parties so that the defendants might be apprised of the complaint brought against them, the oral hearing was had as prescribed by law, at which appeared the representative of the bank, as plaintiff, and Francisco Castañer, Lorenzo Joy and Calixto Arocho, in their own behalf and as attorneys in fact of Miguel Valentín Puig Enseñat, all of whom denied the facts stated in the complaint; whereupon the record was delivered to them, the only one to file an answer thereto being Castañer, represented by his attorney, Elpidio de los Santos Laguardia, who set forth the following facts, to wit: That prior to the year 1899, or to be precise, in 1897, Puig had leased from Joy several houses on the farm which had become an agricultural colony and within whose grounds Puig had been planting and constructing on the strength of an assignment made by Joy in his favor of the rights conferred upon him by the Spanish Government as founder of such colony, and aforesaid plantations and constructions had not been and could not be taken possession of by the the agricultural bank, which, for this reason, had no right to institute proceedings for unlawful detainer, inasmuch as such proceedings lie only when the property is held at sufferance, which is not the case in the present instance.

"As the legal grounds he urged the provisions of the Civil Code with reference to ownership and possession of real property, the law of agricultural colonies, and the Mortgage Law, which allows the institution of summary proceedings only with reference to specially mortgaged property. He finally prayed that the complaint be dismissed, inasmuch as the houses leased by Joy to Puig Enseñat were not included in the mortgage.

5. *Resultando*: que no habiéndose evacuado el traslado que se les confirió de la demanda, por los Señores Don Lorenzo Joy y Don Calixto Arocho, fueron declarados en rebeldía á instancia del actor, siguiéndose el pleito sin más citarles.

6. *Resultando*: que el actor propuso como prueba la confesión judicial de Don Francisco Castañer, quien contestó en el juicio oral á las preguntas que le formulo aquél, así como Don Lorenzo Joy que compareció como testigo, consignandose en acta sus declaraciones, en que reconoció como suyas dos cartas privadas en que daba cuenta al Banco de los deterioros causados en su finca Honradez por el ciclón de Agosto de 1899, y como documental propuso también y fueron agregadas á los autos, certificación del auto de adjudicación de la hacienda "Honradez" al Banco Territorial en doce de Octubre de 1901, inscrito en el Registro de la Propiedad de Arecibo, y con la nota de haberse cancelado todos los gravámenes posteriores á la hipoteca del Banco; certificación del Registro de la Propiedad de Arecibo expresiva de que al inscribirse el contrato de hipoteca de Joy con el Banco y por virtud del cual fué adjudicada á éste la finca "Honradez" según escritura Notarial de diez y ocho de Enero de 1896, no existia más gravámen preferente al del Banco, que la hipoteca á favor de Don Pedro A. Mayol de Ponce, que fué después cancelada; certificación del Registro de la inscripción hecha en la misma hacienda "Honradez", del contrato de arrendamiento de casas, celebrado en 22 de Julio de 1899 ante el Notario de Vega Baja, entre Don Lorenzo Joy y Don Miguel Valentín Puig Enseñat, cuya inscripción fué cancelada: certificación del Secretario de esta Corte de Distrito creditiva de que cuando se hizo el requerimiento de pago en el juicio sumarisimo seguido por el Banco contra Joy, se notificó por edictos al Señor Puig, ausente en España, como interesado en responsabilidades posteriores á la del Banco: certificación de la diligencia de posesión de la finca "Honradez" dada al Banco: interdicto de retener interpuesto, por Don Miguel Valentín Puig contra el Banco ante esta Corte que fué declarado sin lugar con las costas á Puig, y que es firme: certificación del Comisionado del Interior, expresiva de que en el expediente de declaración de Colonia Agrícola hecha por el Gobierno Español á Don Lorenzo Joy como dueño de la finca "Honradez", esa declaración solo se contrae á los beneficios de los artículos 8 y 9 de la Ley de Colonias Agrícolas y cuya declaración no es firme porque el Ayuntamiento de Ciales interpuso recurso de nulidad contra ella y el recurso fué admitido cuando sobre-

"Lorenzo Joy and Calixto Arocho, having failed to answer the complaint were declared in default, on motion of the plaintiff, and the case continued without again summoning them.

"The plaintiff proposed as evidence the confession in court of Francisco Castañer, who, at the oral trial answered the questions propounded by the former, and also that of Lorenzo Joy, who appeared as a witness, record being taken of his testimony, wherein he acknowledged the authenticity of two private letters in which he reports to the bank the damages done by the cyclone of August, 1899, on his estate 'Honradez;' and as documentary evidence plaintiff also proposed a certificate of the decree of October 12, 1901, adjudging the estate 'Honradez' to the Territorial Bank, entered in the Registry of Property of Arecibo, and bearing a memorandum to the effect that all the encumbrances subsequent to the mortgage in favor of the bank had been canceled, the said certificate being joined to the record; a certificate of the registrar of property of Arecibo stating that upon recording the mortgage deed executed by Joy in favor of the bank, by virtue of which the estate 'Honradez' was adjudged to the latter, according to notarial document of January 18, 1896, there existed no lien having priority over that of the bank, except a mortgage in favor of Pedro A. Mayol, of Ponce, which was afterwards canceled; a certificate from the registrar of the record of the contract made before the notary of Vega Baja, on July 22, 1899, between Lorenzo Joy and Miguel Valentín Puig Enseñat, whereby the former leased to the latter certain houses on the grounds of the estate 'Honradez,' which record was canceled; a certificate from the clerk of this district court showing that when demand for payment was made upon Joy, in the summary proceedings instituted by the bank against him, Puig, who was absent in Spain, was notified by publication, as being interested in responsibilities subsequent to that of the bank; a certificate of the proceedings had in the execution of the order giving possession of the estate 'Honradez' to the bank; proceedings to retain possession, instituted in this court by Miguel Valentín Puig against the bank, and dismissed with costs against Puig, said decision being final; a certificate of the Commissioner of the Interior to the effect that the declaration of agricultural colony made in favor of Lorenzo Joy, as owner of the estate 'Honradez,' by the Spanish Government, had reference only to the benefits of articles 8 and 9 of the law of agricultural colonies, which declaration was not final, inasmuch as the municipal council of Ciales had taken an appeal for annulment against said declara-

viniendo el cambio de dominación en esta Isla quedó en suspenso la tramitación del recurso de nulidad interpuesto.

7. *Resultando*: que el demandado Don Francisco Castañer y en su nombre el Letrado Don Elpidio de los Santos Laguardia propuso y fué practicada la escritura de arrendamiento otorgada por Don Lorenzo Joy á favor de Don Miguel valentín Puig en 22 de Julio de 1899 ante el Notario de Vega Baja, Don José Felix Lajara, y la de confirmación del mismo arrendamiento otorgada por las mismas personas ante el mismo Notario, en 27 de Noviembre de 1897; el acta notarial de 15 de Marzo de 1900, referente al dominio de la Colonia Agrícola "Honradez" y arrendamiento que de la misma hizo Joy á Don Miguel Valentín Puig, y al hecho de las reedificaciones y construcciones hechas por Puig, cuyo documento se inscribió en el Registro en 22 de Marzo de 1900: documento relativo á la construcción de una casa para Cuartel de la Guardia Civil dentro de la finca "Honradez" y venta de dicha casa por Puig á Joy; certificación del Secretario del Ayuntamiento de Ciales relativa al reparto de contribuciones Territoriales para el Tesoro Insular, y á que desde el año económico 1897-98 había empezado á señalarse con la denominación de Colonia, á cuatrocientos veinte y cuatro cuerdas que constituían entonces aquélla, radicada en el barrio de Cialitos y cuya asignación especial se le había hecho en virtud de los privilegios concedidos al Señor Joy por el Gobierno Español y ratificados por el Gobierno Militar americano; y certificación del Secretario del Ayuntamiento de Ciales sobre rebaja de contribuciones por consideración de ser la finca "Honradez" Colonia Agrícola, cuya Real Orden de concesión se insertaba en dicha certificación.

8. *Resultando*: que celebrado el juicio oral con asistencia del abogado representante del Banco Territorial y con la del abogado de Don Francisco Castañer, se votó esta sentencia por unanimidad, habiéndose observado en el pleito las prescripciones de ley. Siendo Ponente el Juez Presidente del Tribunal Don Felipe Cuchí y Arnau.

1. *Considerando*: que la acción de desahucio es la que compete al dueño de una cosa para obtener que sea privado del uso de ella quien indebidamente la disfruta, y puede exigirse, según el número 1 del Artículo 1562 de la Ley de Enjuiciamiento Civil contra los inquilinos, colonos y demás arrendatarios cuando se trata de una finca.

2. *Considerando*: que el título de propiedad ó de dominio de la hacienda "Honradez" que el actor ostenta para entablar el presente litigio contra los demandados, es un auto de adjudicación de la ex-

tion, which appeal was allowed, the proceedings thereon being suspended by reason of the change of sovereignty.

"On behalf of the defendant Francisco Castañer, his counsel, Elpidio de los Santos Laguardia, proposed and introduced as evidence the lease executed by Lorenzo Joy in favor of Miguel Valentín Puig, on July 22, 1899, before Félix Lajara, notary of Vega Baja, and the confirmation thereof before the same notary, on November 27, 1897; the notarial act of March 15, 1900, referring to the ownership of the agricultural colony 'Honradez,' and lease thereof made by Joy to Miguel Valentín Puig, and to the fact of the reconstructions and buildings made by Puig, which instrument was recorded in the Registry on March 22, 1900; a document relating to the construction of a house intended as barracks for the *Guardia Civil* within the estate 'Honradez,' and sale of said house by Puig to Joy; a certificate of the secretary of the municipal council of Ciales, relating to the assessment of land taxes for the Insular Treasury, and wherein it is stated that since the fiscal year 1897-98 the designation of colony had been given to what was then a farm consisting of four hundred and twenty-four *cuerdas* of land, situated in *barrio* 'Cialitos,' upon which a special tax had been assessed by virtue of the privileges granted by the Spanish Government to Joy, and afterwards ratified by the American Military Government; and a certificate of the secretary of the municipal council of Ciales with reference to a reduction of taxes in consideration of the fact that the estate 'Honradez' was an agricultural colony, pursuant to the royal order reproduced in said certificate.

"At the oral trial, counsel for the 'Banco Territorial' and for Francisco Castañer being present, this judgment was unanimously approved, the legal provisions having been observed in the conduct of this case. Presiding Judge Felipe Cuchí y Arnau delivered the opinion of the court, as follows:

"A person entitled to the possession of an estate, as owner, shall be considered a legal party to institute an action of unlawful detainer for the purpose of ejecting therefrom the person unduly enjoying the usufruct thereof, and it may be instituted against tenants, laborers and lessees of a farm, according to paragraph 1 of article 1563 of the Law of Civil Procedure.

"The title of ownership of the estate 'Honradez,' on the strength of which the plaintiff has instituted the present action against the defendants, is a decree adjudging said farm to the 'Banco Ter-

presada finca á favor del Banco Territorial y Agrícola de San Juan que lleva fecha doce de Octubre de mil novecientos uno, y fué dictado por esta Corte de Distrito en el juicio hipotecario seguido contra Don Lorenzo Joy, é inscrito en el Registro de la Propiedad de Arecibo.

3. *Considerando*: que con la inscripción de dicho auto de adjudicación en el Registro de la Propiedad quedaron cancelados todos los gravámenes posteriores á la fecha de la referida adjudicación, conforme á lo dispuesto en párrafo 2 del Artículo 125 de la Ley Hipotecaria.

4. *Considerando*: que entre los gravámenes cancelados, por ser posteriores á la hipoteca del Banco, figuran los arrendamientos de casas de la finca "Honradez" hechos por Don Lorenzo Joy á favor de Don Miguel Valentín Puig y Enseñat según aparece del Registro de la Propiedad de Arecibo, siendo infundada, por tanto, la alegación hecha por Puig acerca de su derecho á continuar viviendo la finca, basado en sus contratos de arrendamiento con el anterior dueño de ella, Don Lorenzo Joy, á pesar de la adjudicación hecha al Banco, toda vez que las inscripciones de dichos contratos de arrendamiento fueron canceladas.

5. *Considerando*: á mayor abundamiento, que el Artículo 1571 del Código Civil anterior al vigente, y el 1454 del actual, facultan al comprador de una finca, bien sea por contrato de compra venta bien por adjudicación judicial, á exigir que terminen las arrendamientos de ella, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria.

6. *Considerando*: que lo dispuesto en el Artículo 113 de la Ley Hipotecaria acerca del que tuviere accesiones ó mejoras que no se hubiesen hipotecado junto con la finca que pasare por adjudicación ó venta á otras manos, es el derecho á ser indemnizado de ellas por el nuevo propietario, pero en manera alguna, como pretende el Señor Puig el expresado derecho se extiende á impedir que el nuevo y legítimo dueño pueda ejercitar las acciones que se derivan de un dominio sobre la finca adjudicada.

7. *Considerando*: que si el demandado Don Miguel Valentín Puig reedificó y construyó mejoras en la finca "Honradez" después de haber ésta sido hipotecada al Banco, sólo tiene derecho á que por éste se le indemnice, prévia tasación, el importe de esas mejoras, pero no puede oponerse á que el Banco ejercite su acción dominical de desahucio sobre la finca que se le adjudicó si, como en el caso de

ritorial y Agricola,' of San Juan, issued by the district court under date of October 12, 1901, in foreclosure proceedings against Lorenzo Joy, and recorded in the Registry of Property of Arecibo.

"By virtue of the record of said award in the Registry of Property, all the encumbrances entered subsequently to the date thereof were canceled, according to the provision of paragraph 2 of article 125 of the Mortgage Law.

"Among the encumbrances canceled for this reason were the leases of houses belonging to the estate 'Honradez,' made by Lorenzo Joy in favor of Miguel Valentín Puig, as appears from the Registry of Property of Arecibo, and hence Puig's claim as to his right to continue living upon the estate by virtue thereof, notwithstanding the award in favor of the bank, has no ground to stand upon inasmuch as the record of said leases has been canceled.

"Furthermore, by article 1571 of the old Civil Code and 1454 of the one now in force, the purchaser of a leased estate, whether by deed of purchase and sale or by judicial award, has a right to terminate the lease in force, unless the contrary is stipulated, and without prejudice to the provisions of the Mortgage Law.

"That which is provided by article 113 of the Mortgage Law, as to the owner of accessions or improvements not mortgaged with the property that has been transferred to other hands by award or purchase, is the right to demand indemnification therefor from the new owner, but in nowise authorizes him to prevent the new and legitimate owner from exercising such rights as are derived from his ownership of the property awarded, as claimed by Puig.

"If the defendant Miguel Valentín Puig did make reconstructions and improvements on the estate 'Honradez,' after it had been mortgaged to the bank, he is entitled only to an indemnification by the latter for the value of said improvements, after an appraisement thereof, but he cannot prevent the bank from exercising, as owner, its right of eviction from the property awarded in its favor, if, as in

autos, ha cumplido previamente con el requisito de avisarle treinta días ántes, que es lo que exige la regla 2ª. del Artículo 1560 de la Ley de Enjuiciamiento Civil.

8. *Considerando* : que tampoco tiene eficacia ni valor legal alguno para impedir el desahucio pretendido por el Banco, el hecho de que la finca "Honradez" estuviere considerada desde el año 1895 como Colonia Agrícola con todos los derechos concedidos por la Ley de Colonias agrícolas, á las fincas que estuviesen consideradas como tales, pues aparte de que tal concesión es indiscutible por lo dudoso, toda vez que el Ayuntamiento de Ciales interpuso un recurso de nulidad, que fué admitido, contra la resolución del Gobierno Español que declaró la concesión, recurso que quedó en suspenso por el cambio de dominación, el contenido de la repetida concesión se limita á los beneficios de los Artículos 8 y 9 de la Ley de Colonias Agrícolas, los cuales artículos se refieren únicamente á exención de contribuciones por un lapso de tiempo más ó menos largo, pero en modo alguno á impedir que la finca pudiese pasar por cualquier título á manos de un tercero.

9. *Considerando* : que si el Banco Territorial posee un título legítimo de propiedad sobre la hacienda "Honradez", el arrendamiento de parte de la misma, hecho por el antíguo dueño, Don Lorenzo Joy á Don Miguel Valentín Puig, ha cesado, los beneficios de Colonia Agrícola que ostentaba la referida hacienda son independientes de la acción ejercitada en este pleito, y los colonos ó habitantes de aquélla fueron avisados con anticipación para el desalojo, es evidente que procede declarar con lugar la demanda interpuesta.

10. *Considerando* : que al no haber formalizado su oposición en estos autos los demandados Joy y Arocho, por lo cuál fueron declarados en rebeldía, dejando por completo desamparada su representación en el pleito, debe hacerse extensiva á ellos la misma resolución que se dicte en cuanto al ótro demandado Puig.

11. *Considerando* : que conforme á la regla 63 de la Orden General, número 118 de 1899, debe ser condenado en costas el litigante cuyas pretensiones hubiesen sido totalmente desestimadas, y habiendo formalizado pretensiones únicamente Don Francisco Castañer como apoderado de Don Miguel Valentín Puig y Enseñat, que reside en España, pretensiones que se desestiman en este pleito, á él solamente deben imponerse las costas.

Vistos los Artículos 348 y 1571 del Código Civil; 110, 112 y 113 de la Ley Hipotecaria y sus concordantes del Reglamento; 371, 1559,

the case at issue, it has complied with rule 2 of article 1560 of the Law of Civil Procedure requiring the service of thirty days' notice.

"Nor has the fact that the estate 'Honradez' was considered since 1895 as an agricultural colony, with all the rights allowed by the law of agricultural colonies to all estates considered as such, any legal force to prevent the dispossession demanded by the bank, for, aside from the fact that said concession is questionable, inasmuch as the municipal council of Ciales had taken an appeal for annulment thereof, which remained in abeyance owing to the change of sovereignty, aforesaid concession was confined to the benefits of articles 8 and 9 of the law of agricultural colonies, which refer only to exemption from taxation for a period of time more or less extended, but under which the estate can in no manner be prevented from passing into the hands of a third party by any title whatsoever.

"If the 'Banco Territorial' holds a legitimate title of ownership to the estate 'Honradez,' the lease of a portion thereof made by the former owner, Lorenzo Joy, to Miguel Valentín Puig, has ceased; the benefits of an agricultural colony being independent of the right of action exercised in this suit, and the 'colonists' or inhabitants thereof having been duly notified to vacate, it is evident that the action of unlawful detainer must be sustained.

"The other defendants, Joy and Arocho, having failed to contest these proceedings, for which reason they were declared in default, the decision rendered as regards the other defendant, Puig, must be made to apply to them.

"Under rule 63 of General Orders No. 118, series of 1899, costs shall be imposed only upon the litigant who loses his case on all points, and as Francisco Castañer, as attorney in fact of Miguel Valentín Puig y Enseñat, who resides in Spain, was the only one to contest the complaint, all the allegations adduced by him being over-ruled, he alone must pay the costs.

"In view of the provisions of articles 348 and 1571 of the Civil Code; 110, 112 and 113 of the Mortgage Law, and those of the regu-

1560, 1561 y 1587 de la Ley de Enjuiciamiento Civil y Orden General número 118 de 1899.

*Fallamos*: que debemos declarar y declaramos con lugar la demanda de desahucio interpuesta por el Banco Territorial y Agrícola de San Juan contra Don Lorenzo Joy, Don Calixto Arocho y Don Francisco Castañer por sí y como apoderados de D. Miguel Valentín Puig y Enseñat, á quienes condenamos á desalojar dentro del término de veinte días la hacienda ''Honradez'', sita en el barrio de Cialitos, jurisdicción de Ciales; apercibidos de ser lanzados si no la desalojan en el término señalado de veinte días, con las costas á Don Miguel Valentín Puig y Enseñat. Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos: Felipe Cuchí, Otto Schoenrich y Enrique Gonzalez Darder''.

*Resultando*: que contra la anterior sentencia interpuso Don Miguel Valentín Puig y Enseñat recurso de casación por infracción de ley y elevados los autos á esta Corte Suprema se sustanció el recurso como de apelación, cumpliendo con la Ley de la Asamblea Legislativa de doce de Marzo último, señalándose día para la vista, en la que el Letrado de la parte apelante y el de la apelada, alegaron cuanto estimaron conveniente á la defensa de sus respectivas pretensiones.

Abogado del apelante: · *Sr. Texidor.*

Abogado del apelado: *Sr. Guzmán Benitez* (Juan).

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

Aceptando los fundamentos de hecho y de derecho de la sentencia recurrida.

Vistas las disposiciones legales que en la misma se citan, la Ley de la Asamblea Legislativa de 12 de Marzo último y el Artículo 872 de la Ley de Enjuiciamiento Civil.

*Fallamos*: que debemos confirmar y confirmamos la sentencia que dictó la Corte de Arecibo en nueve de Febrero del año próximo pasado y que declaró con lugar la demanda de desahucio deducida por el Banco Territorial y Agrícola contra Don Lorenzo Joy, Don Calixto Arocho y Don Francisco Castañer por sí y como apoderados de Don Miguel Valentín

lations for the execution of the latter, concordant thereto; 371, 1559, 1560, 1561 and 1587 of the Law of Civil Procedure, and General Order No. 118, series of 1899, we adjudge that we should sustain and do sustain the complaint in the action of unlawful detainer instituted by the 'Banco Territorial y Agrícola' of San Juan, against Lorenzo Joy, Calixto Arocho and Francisco Castañer, on their behalf and as attorney in fact of Miguel Valentín Puig y Enseñat, and condemn said defendants to vacate the estate 'Honradez,' situated in *barrio* 'Cialitos,' municipal district of Ciales, within the period of twenty days, or be forcibly ejected therefrom, should they fail so to do; with costs imposed upon Miguel Valentín Puig y Enseñat. Thus by this our judgment do we find, order and sign: Felipe Cuchí, Otto Schoenrich, Enrique Gonzáles Darder.''

From the foregoing decision Miguel Valentín Puig y Enseñat filed an appeal in cassation for error of law and, the record having been sent up to this Supreme Court, the act of the Legislative Assembly, approved March 12, 1903, was complied with, and a day was set for the hearing, when counsel for appellant and respondent presented such arguments as were deemed pertinent to their respective claims.

*Mr. Texidor,* for appellant.

*Mr. Guzmán Benítez (Juan),* for respondent.

MR. JUSTICE FIGUERAS, after making the above statement of facts, rendered the opinion of the court.

The findings of fact and conclusions of law contained in the decision appealed from are accepted.

In view of the legal provisions cited therein, the act of the Legislative Assembly of March 12, 1903, and article 872 of the Law of Civil Procedure, we adjudge that we should affirm and do affirm the decision rendered by the District Court of Arecibo, February 9, of the year last past, whereby said court sustains the action of unlawful detainer instituted by the "Banco Territorial y Agrícola," against Lorenzo Joy, Calixto Arocho and Francisco Castañer, on their behalf and as attorneys in fact of Miguel Valentín Puig, with the

Puig con los demás pronunciamientos del caso é imponemos las costas de esta superioridad al apelante Don Miguel Valentín Puig y Enseñat; y devuelvánse los autos á la Corte del Distrito de Arecibo con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

------

## CAJIGAS v. SUCESIÓN PRATS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 19.—Resuelto en Febrero 12, 1904.

CONTRATOS.—*O*BLIGACIONES.—*P*ARTES CONTRATANTES.—Las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse á tenor de los mismos.

ID.—EXIGIBILIDAD DE LAS OBLIGACIONES.—Las obligaciones que tienen plazo fijo para su cumplimiento, son exigibles desde el momento en que transcurriere aquél.

ID.—CUMPLIMIENTO DE LAS OBLIGACIONES.—MOROSIDAD.—INDEMNIZACIÓN.—INTERESES.—Los que en el cumplimiento de las obligaciones incurran en morosidad, vienen obligados á indemnizar daños y perjuicios y esa indemnización consistirá en el pago de intereses convenidos, ó á falta de convenio, en el interés legal, en los casos en que la obligación consista en el pago de una cantidad determinada.

HEREDEROS.—ACREEDORES.—Los herederos suceden al difunto en todos sus derechos y acciones y los acreedores de éste pueden dirijir sus reclamaciones contra cualquiera de aquellos.

PARTES.—PRUEBA DE CONFESIÓN.—Citada una parte á confesión por dos veces. sin haber comparecido, ni alegar justa causa, es procedente declararla .confesa.

COSTAS.—Las costas deben imponerse al litigante cuyas pretensiones se desestimen totalmente.

LEGATARIOS.—HEREDEROS.—JUICIO VOLUNTARIO DE TESTAMENTARÍA.—LIQUIDACIÓN DEL CAUDAL RELICTO.—Los legatarios de parte alícuota del caudal no son *parte obligada* en los juicios que se promuevan por los acreedores del finado, pues no tienen la representación de éste, que compete exclusivamente á los herederos ,sin perjuicio del derecho de los legatarios para promover el juicio voluntario de testamentaría é intervenir en la liquidación del caudal relicto.

other pronouncements in the case, and impose the costs of the proceedings on appeal upon the appellant, Miguel Valentín Puig y Enseñat. The record of the District Court of Arecibo is ordered to be returned with the proper certificate.

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.